IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

           Plaintiff,

           ORDER

   v.

           09-cr-120-bbc-1

CHRISTOPHER HAMLIN,

           Defendant.

---

A hearing on the probation office's petition for judicial review of Christopher Hamlin's supervised release was held on November 29, 2016, before U.S. District Judge Barbara B. Crabb. The government appeared by U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel William Jones. Also present was U.S. Probation Officer Nicholas A. Tuma.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 25, 2010, following his conviction for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons for a term of 84 months, to run concurrently with the

1

remainder of his state sentences imposed by the Circuit Court for Jefferson County, Wisconsin, in case nos. 06CF517, 06CM791, 06CM628, 06CM770, 06CF446, 06CM686 and 06CM419; and by the Circuit Court for Dodge County, Wisconsin, in case no. 06CF271. The term of imprisonment was to be followed by a three-year term of supervised release. Defendant began his term of supervised release on April 8, 2016.

Defendant violated the mandatory condition of his supervised release prohibiting him from committing another federal, state or local crime, when he stole property. He was charged in the Circuit Court for Jefferson County, Wisconsin, case no. 16CM336 for theft of movable property worth less than $2,500, and he entered a plea of guilty to the charge on October 25, 2016. A sentencing hearing is scheduled for January 12, 2017. On November 8, 2016, defendant was pulled over by a Wisconsin State Patrol trooper and issued a citation for operating a motor vehicle without insurance.

Defendant violated Special Condition No. 6 of his supervised release, prohibiting him from the use of alcohol and illegal drugs, as shown by two positive urine specimens that he provided on April 26 and July 8, 2016 and which tested positive for marijuana. He has admitted that he had been using the drug daily. On August 4, 2016 and September 8, 2016, he provided urine specimens that tested positive for cocaine and he has admitted smoking crack cocaine. On October 13, 2016, defendant submitted a urine specimen that tested positive for both cocaine and marijuana. He admitted using both substances as a "last hurrah" before his court-ordered location monitoring equipment was installed. Defendant admitted that he drank alcohol on October 28, 2016. He has

admitted that he used cocaine that led to the urine specimen on October 31, 2016, that tested positive for cocaine.

Defendant violated Special Condition No. 8, requiring him to participate for a period of 90 days in a location monitoring program through the use of radio frequency monitoring, passive global positioning system monitoring, active GPS monitoring or voice recognition. Defendant was required to abide by the technology requirements implemented at the direction of the supervising U.S. probation officer. Instead, he tampered with his location monitoring bracelet by removing it from his ankle without permission from the probation office. His whereabouts were unknown for approximately 15 hours. Defendant later admitted that he had removed the bracelet without permission.

Under § 7B1.1(a)(3), defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that when the court finds that the defendant has committed a Grade C violation, it may revoke supervised release, extend the term of supervised release or modify the conditions of supervision. Under *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001), the court may also find that a defendant's conduct falls into the category of a Grade B violation, if it is determined that he possessed a controlled substance when he used the controlled substances set out in this order. If the court finds that defendant possessed a controlled substance triggering a Grade B violation, the advisory guideline range of imprisonment becomes 21 to 27 months.

3

Under § 7B1.3(a)(1), the court is to revoke supervised release if it finds that defendant has committed a Grade B violation. In addition, under 18 U.S.C. § 3583(g) revocation is mandatory if the defendant possesses a controlled substance or if, during the course of drug testing, the defendant tests positive for illegal controlled substances more than three times over the course of one year.

Defendant's violations warrant revocation if his noncompliance continues. I will hold judicial review in this matter in abeyance to provide defendant an alternative to revocation. Defendant will be given another chance to show that he can succeed on supervised release. A term of participation in an inpatient treatment program at ATTIC Residential Services, Inc., in Madison, Wisconsin, will afford him the opportunity to engage in correctional treatment and make efforts at rehabilitation that address the risks he presents and his need for positive change. Defendant is warned that if he continues to resist programming and treatment, he will be brought back to court for a new hearing on revocation.

To insure that defendant does not use any illegal drugs before entering the residential treatment program, he is remanded to the custody of the United States Marshals Service until such time as a bed is available at the ATTIC Residential Services.

ORDER

IT IS ORDERED that revocation proceedings as to the period of supervised release imposed on defendant Christopher Hamlin on February 25, 2016, are held in

abeyance. Defendant is remanded to the custody of the United States Marshals Service until he can enter the residential treatment program at ATTIC Residential Services in Madison, Wisconsin. Defendant is required to comply fully with all the standard and special conditions of supervised release that were imposed previously and which remain in effect.

Entered this 29th day of November 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge